UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SANJAY H. PATEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:04-CV-0398-G |
| CONDOLEEZZA RICE, in her official | ) |
| capacity as Secretary of State, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant, Condoleezza Rice,[1] in her official capacity as Secretary of State (the "Secretary"), for summary judgment on the complaint for declaratory relief of the plaintiff, Sanjay H. Patel's ("Patel"). For the reasons discussed below, the Secretary's motion is denied.

I. BACKGROUND

Patel seeks a judgment from this court declaring him to be a citizen of the United States. Complaint for Declaratory Relief ("Complaint") ¶¶ 2, 14. Patel

---

[1] The complaint originally named Colin Powell, in his official capacity as Secretary of State, as the defendant; however, Dr. Rice has since replaced General Powell as Secretary.

claims that he is a citizen of the United States and was born in Chicago, Illinois on September 4, 1973. *Id*. ¶¶ 5, 7.

On November 28, 1994, the State of Illinois issued a delayed birth certificate to Patel. Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Motion for Summary Judgment") at 2; Memorandum of Law in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment ("Response") at 2. In November, 1995, the United States Department of State (the "State Department") issued Patel a United States Passport. Motion for Summary Judgment at 3; Response at 3. After losing his passport, Patel submitted an application for a replacement passport on February 6, 1996. Motion for Summary Judgment at 3; Response at 3. Upon receiving his application for a replacement passport, the State Department requested additional documentation regarding his birth. Response at 3. At that time, Patel withdrew his application. *Id*. On December 27, 2001, Patel submitted a new application for a replacement passport with the State Department's Boston, Massachusetts passport office. Motion for Summary Judgment at 4. On January 2, 2003, Patel submitted another application for a replacement passport, this time with the State Department's Chicago, Illinois passport office. *Id*. at 5. By a letter dated August 11, 2004, the State Department consolidated and denied the pending applications. *Id*. at 5; Response at 3.

Patel filed this case on February 24, 2004, seeking a judgment of this court declaring him to be a United States citizen. *See generally* Complaint. The Secretary filed her motion for summary judgment on April 22, 2005.

## II. ANALYSIS

### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).[2] "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes such a showing by informing the court of the basis of her motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

---

    2   The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's summary judgment burden. *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

B. <u>Burden of Proof in Actions Under 8 U.S.C. § 1503</u>

"The burden of proof is on the claimant to show that []he is an American citizen." *De Vargas v. Brownell*, 251 F.2d 869, 871 (5th Cir. 1958). Patel argues that

the delayed birth certificate issued by the State of Illinois is *prima facie* evidence of citizenship, thus shifting to the Secretary the burden to rebut his *prima facie* showing by clear, unequivocal, and convincing evidence. Response at 4 (citing *Delmore v. Brownell*, 135 F. Supp. 470, 473 (D. N.J. 1955), *aff'd*, 236 F.2d 598 (3rd Cir. 1956)). To evaluate this argument, the court must first determine whether the delayed birth certificate is *prima facie* evidence of Patel's citizenship.

### 1.  *Is Patel's Delayed Birth Certificate Prima Facie Evidence of Patel's Citizenship?*

This court is to afford the same credit to the delayed birth certificate that the document is given under Illinois law. *See* 28 U.S.C. § 1739; *Kappler v. Shalala*, 840 F. Supp. 582, 587 n.10 (N.D. Ill. 1994). Patel, relying on the United States District Court for the Northern District of Illinois' decision in *Kappler*, asserts that an "Illinois delayed birth certificate must be given full faith and credit which means the recitals in the document are *prima facie* evidence." Response at 6 (citing *Kappler*, 840 F. Supp. at 587 n.10). The Secretary argues that the State of Illinois does not recognize a delayed birth certificate, such as the one issued to Patel, as *prima facie* proof of its contents. Secretary's Reply in Support of Summary Judgment ("Reply") at 2-5. According to the Vital Records Act in Illinois:

> [a]ny certification or certified copy of a certificate issued in accordance with this Section shall be considered as prima facie evidence of the facts therein stated, provided that the evidentiary value of a certificate or record filed more than one year after the event, or a record which has been

>amended, shall be determined by the judicial or
administrative body or official before whom the certificate
is offered as evidence.

410 ILL. COMP. STAT. ANN. 535/25(6) (West 2005).  Thus, the Secretary argues, because the delayed birth certificate was issued 21 years after the alleged birth, it is merely "afforded such evidentiary weight as [this court] determines in its discretion." Reply at 5.

In his sur-reply, Patel asserts that the Secretary's interpretation of the applicable section of the Illinois Vital Records Act -- 410 ILL. COMP. STAT. ANN. 535/25(6) ("Section 535/25(6)") -- does not support her assertion that the delayed birth certificate is not *prima facie* evidence of the date and place of Patel's birth. Plaintiff's Sur-Reply in Support of Response to Defendant's Summary Judgment Motion ("Sur-Reply") at 4.  Patel asserts that *Kappler* is the only reported decision interpreting Section 535/25(6), and that the delayed birth certificate in dispute in that case was issued thirteen years after the alleged birth but was still considered *prima facie* evidence of its contents by the court.  *Id*. (citing *Kappler*, 840 F. Supp. 582).  *Kappler*, however, did not cite Section 535/25(6) in its discussion of the weight to be given to the delayed certificate of birth in that matter.  See *Kappler*, 840 F. Supp. at 587 n.10.  While the court agrees with Patel that this is the only reported decision of any court sitting in Illinois which discusses whether a delayed birth certificate issued by the State of Illinois is *prima facie* evidence of its contents, the

court does not find *Kappler* very persuasive on this point.  In fact, *Kappler* merely glosses over the issue of whether a delayed birth certificate is *prima facie* evidence of its contents, and in support of its statement that such a document is *prima facie* evidence, the court cites a decision of the Appellate Court of Illinois, Second District, which holds that a traditional birth certificate is *prima facie* evidence of date of birth. *Kappler*, 840 F. Supp. at 587 n.10 (citing *Long v. Long*, 145 N.E.2d 509, 513 (Ill. App. 2d Dist. 1957)).  Accordingly, this court must determine the evidentiary value of Patel's delayed birth certificate.  410 ILL. COMP. STAT. ANN. 535/25(6).

2. *Evidentiary Weight of Patel's Delayed Birth Certificate*

The delayed birth certificate was apparently issued on the basis of two documents.  The first document cited as supporting evidence in the delayed birth certificate is a school record from Shree Vidyanager High School in Ahmedabad, India.  Delayed Record of Birth ("Delayed Birth Certificate"), *attached to* Appendix in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Appendix") at 8.  The second document cited as supporting evidence is the Affidavit of Dr. Dahyabhai S. Patel dated March 11, 1994.[3]  *Id*.

---

[3]    The Secretary contends that Patel has never produced the original or a copy of this affidavit.  Motion for Summary Judgment at 9-10.  Additionally, she notes that the State Department has been unable to verify that Dr. Dahyabbhai S. Patel was in the United States practicing medicine in Chicago, Illinois in September 1973.  *Id*. at 10.

The Secretary first argues that the school record, one of the two documents the State of Illinois relied upon in issuing the delayed birth certificate, is unreliable. Motion for Summary Judgment at 7-10; Reply at 2-5. In support of this position, the Secretary provides the court with the testimony of Foreign Service National Investigator Shrikant Kulkarni ("Agent Kulkarni"), who was assigned the task of verifying Patel's attendance at the school. Motion for Summary Judgment at 8-9. The Secretary submitted a declaration from Agent Kulkarni in support of her argument that the school record is unreliable. Declaration of Shrikant Kulkarni ("Kulkarni Declaration"), *attached to* Appendix to Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Appendix to Motion for Summary Judgment") at 84-89. According to Agent Kulkarni, two telephonic conversations with the principal of the school revealed that the school had no record of attendance for a Sanjay Patel with a date of birth of September 4, 1973. Kulkarni Declaration ¶¶ 4-5, *attached to* Appendix to Motion for Summary Judgment at 85-86. However, the principal verified that the teachers and principal named by Patel were employed by the school during the time frame Patel allegedly attended the school. Kulkarni Declaration ¶ 5, *attached to* Appendix to Motion for Summary Judgment at 86.

In his response, Patel objects to the consideration of the Kulkarni Declaration on the grounds that it is inadmissible hearsay. Response at 10-11. Summary

judgment evidence may not be considered if it is based on hearsay. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial."). The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). It is without question that the statement made by the principal of Shree Vidyanager High School to Agent Kulkarni is hearsay: the agent testified that the principal told her that he had checked the records and was unable to find a record that Patel attended the school. As a result, the only arguable exception to the hearsay rule is contained in Rule 803(10) of the Federal Rules of Evidence, which provides an exception for evidence used to establish the absence of a public record. FED. R. EVID. 803(10). "Rule 803(10) provides that to establish the absence of a report which would have been regularly made and preserved by a public office or agency, evidence in the form of a Rule 902 certificate or testimony that a diligent search failed to disclose the report is required." *United States v. McDonald*, 905 F.2d 871, 875 (5th Cir.), *cert. denied*, 498 U.S. 1002 (1990). Rule 803(10) has been applied in conjunction with Rule 902(3) with respect to foreign public documents. See, *e.g.*, *id.*; *United States v. Regner*, 677 F.2d 754, 757-58 (9th Cir.), *cert. denied*, 459 U.S. 911 (1982).

"The first requirement of Rule 902(3) is that the document must purport to be executed or attested in an official capacity by a person authorized by the laws of a foreign country to make that execution or attestation." 31 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 7137 at 213 (2d ed. 2000); *see also* FED. R. EVID. 902(3). The second requirement of Rule 902(3) is that the foreign document must be:

> accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attesting person, or (B) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of [certification].

FED. R. EVID. 902(3). A final certification may be made by a diplomatic official of the United States or a diplomatic official of the foreign country assigned or accredited to the United States. *Id.*

Although Agent Kulkarni is authorized by Rule 902(3) to make a final certification, it appears that the first requirement of Rule 902(3) has not been met. In cases where a court has admitted evidence of the absence of a foreign public document under the exception in Rule 803(10), a foreign official has attested in a separate document that a search was performed and no record was found. See *United States v. Martinez*, 700 F.2d 1358, 1363 n.5 (11th Cir. 1983); *Regner*, 677 F.2d at 758 n.3. Here, there is no such attestation by a foreign official, only testimony from Agent Kulkarni that she was told by the school's principal no such record existed. As

- 10 -

a result, no exception to the hearsay rule applies and the Kulkarni Declaration will not be considered by the court for purposes of making its determination of the instant motion.

In her reply, the Secretary further argues that the delayed birth certificate is unreliable -- and insufficient to establish a genuine issue of material fact -- because, on the birth certificate's face, the school record "fails to comply with the mandatory requirements of 410 ILL. COMP. STAT. ANN. 535/14(1)(c-1)." Reply at 4.  That section provides that "[a]ny document accepted as evidence, other than an affidavit of personal knowledge, shall be at least 5 years old. A copy or abstract of such document may be accepted if certified as true and correct by the custodian of the document."  410 ILL. COMP. STAT. ANN. 535/14(1)(c-1) (West 2005).  Specifically, the Secretary asserts that on the face of the delayed birth certificate, "the school record is undated, is not shown to have been certified and that the document itself was at least 5 years old." Reply at 4.

That a document used as a basis for issuing a delayed birth certificate be at least 5 years old is a prerequisite for issuing a delayed birth certificate.  *See* 410 ILL. COMP. STAT. ANN. 535/14.  When Patel's delayed birth certificate was issued, section 535/14 was applicable.  The court must assume that the State Registrar of Vital Records in Illinois would not issue this certificate in contravention of law.  It

- 11 -

naturally follows that the school record must have met the requirements set forth in section 535/14(1)(c-1).

While Patel's delayed birth certificate is not *prima facie* evidence of the place and date of Patel's birth, it is not, as the Secretary would have the court determine, to be given no weight at all. The delayed birth certificate appears to have been issued by the State of Illinois in accordance with its requirements for issuing such a record. *See* 410 ILL. COMP. STAT. ANN. 535/14. Just because Patel cannot produce the documents the delayed birth certificate recites as supporting evidence does not mean that they never existed. The state of Illinois must have been satisfied by the evidence submitted to it when its issued the delayed birth certificate; in these circumstances, the court cannot conclude -- as a matter of law -- that the delayed birth certificate is entitled to no weight.

Moreover, the fact that a United States Passport was issued to Patel in 1995 on the basis of this birth certificate is telling. The Secretary has failed to present any evidence or offer an explanation as to why the United States Passport was issued to Patel. The Secretary raises multiple questions about the credibility of Patel's witnesses and the reliability of his documents; however, these are issues of fact that must be reserved for trial. See *Rivera v. Albright*, No. 99-C-328, 2000 WL 1514075, at *2-4 (N.D. Ill. Oct. 11, 2000) (finding that the plaintiff's evidence raised genuine questions about the accuracy of the birth certificate and a plausible set of facts under

which he could prevail). As discussed above, it is Patel's burden to establish that he was born in the United States. The delayed birth certificate, as well as the United States Passport issued to Patel, are evidence which may assist Patel in satisfying this burden. As a result, Patel has presented enough evidence to survive summary judgment.

### III. CONCLUSION

For the reasons stated above, the Secretary's motion for summary judgment is **DENIED**.

**SO ORDERED**.

July 25, 2005.

_____
A. JOE FISH
CHIEF JUDGE